UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON PAUL STEINBRINK,

    Petitioner,

v.                                      Case No. 8:20-cv-2243-WFJ-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Jason Paul Steinbrink, a Florida inmate, comes before the Court with a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 that challenges his convictions for lewd and lascivious molestation and capital sexual battery. Doc. 1. Respondent asserts that the petition must be denied as time barred (Doc. 11), and Mr. Steinbrink has replied in opposition (Doc. 13). Upon consideration, the Court finds that Mr. Steinbrink's Petition is due to be dismissed.

**Procedural Background**

In March 2016, a jury found Mr. Steinbrink guilty of lewd or lascivious molestation and capital sexual battery. Doc. 12-2, Ex. 1 at 30−31. Mr. Steinbrink was sentenced to life in prison without the possibility of parole. *Id.* at 38. His convictions were affirmed on October 6, 2017. *Id.*, Ex. 4.

On December 14, 2018, Mr. Steinbrink filed a petition alleging ineffective assistance

1

of appellate counsel. *Id.*, Ex. 8. That petition was denied on January 31, 2019. *Id.*, Ex. 9.

Mr. Steinbrink then filed a Motion for Post-Conviction Relief under Florida Rule of Criminal Procedure 3.850 on April 8, 2019. *Id.*, Ex. 10 at 3–13. The post-conviction court denied the motion on June 26, 2019. *Id.* at 14–18. The denial was affirmed on appeal (*Id.*, Ex. 13), and the appellate court mandate issued on June 3, 2020 (*Id.*, Ex. 15).

On September 22, 2020, Mr. Steinbrink filed his federal habeas petition in this Court. Doc. 1 at 15.

## Discussion

### I. Untimeliness

In its response, Respondent seeks dismissal of Mr. Steinbrink's petition as time barred under 28 U.S.C. § 2244(d), because his petition was filed more than one year after his conviction became final. Doc. 11 at 5–6. Mr. Steinbrink concedes that his petition is untimely, but he argues that his untimely filing should be excused because he is innocent of the offenses for which he was convicted. Doc. 1 at 13–14.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

[this] period of limitation[.]" 28 U.S.C. § 2244(d)(2).

Here, Mr. Steinbrink's judgment of conviction was affirmed by the appellate court on October 6, 2017. Doc. 12-2, Ex. 4; *Steinbrink v. State*, 240 So. 3d 651 (Fla. 2d DCA 2017). And his motion for rehearing was denied on November 17, 2017 (Doc. 12-2, Exs. 5, 6). For purposes of § 2244(d), the judgment therefore became final on February 15, 2018, or 90 days after the denial of his motion for rehearing. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir.2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90-day period for seeking certiorari review in Supreme Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("[A] petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); *see also* Supreme Court Rules 13(1), (3). Thus, Mr. Steinbrink's AEDPA statute of limitations period commenced on February 16, 2018. Pursuant to this one-year limitations period, Mr. Steinbrink had until February 15, 2019, to file a timely federal habeas petition under § 2254. However, his habeas petition was filed on September 22, 2020. Mr. Steinbrink's petition is therefore untimely unless the AEDPA limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications.

After 301 days of the AEDPA limitations period had elapsed, Mr. Steinbrink filed his petition alleging ineffective assistance of appellate counsel on December 14, 2018. On that date, the limitations period was tolled until Mr. Steinbrink's petition was denied on

3

January 31, 2019. Only 64 days remained in the AEDPA limitations period when the clock resumed. Thus, the AEDPA limitations period expired on April 5, 2019, or 64 days after the denial of Mr. Steinbrink's petition.[1] Accordingly, Mr. Steinbrink's present habeas petition filed in September 2020 is untimely.

## II. No Credible Showing of Actual Innocence

Mr. Steinbrink argues that although his petition is untimely, it should be considered on the merits because new evidence demonstrates his innocence. Doc. 1 at 13–14; Doc. 13 at 1–2. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [where] the impediment is . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In other words, such a "claim of innocence is . . . 'not itself a constitutional claim, but instead a gateway through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Moreover, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

---

[1] Though Mr. Steinbrink filed a Rule 3.850 post-conviction motion on April 8, 2019, that motion did not toll the AEDPA limitations period because the period had already expired a few days earlier. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely Rule 3.850 post-conviction motion outside limitations period). Even if Mr. Steinbrink's Rule 3.850 motion had somehow tolled the AEDPA limitations period, his present habeas petition remains untimely; after affirming the denial of Mr. Steinbrink's Rule 3.850 motion, the appellate court mandate issued on June 3, 2020, and Mr. Steinbrink did not file his present habeas petition until 111 days later in September 2020.

To prove his actual innocence, Mr. Steinbrink must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. He must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). The Court finds that Mr. Steinbrink has not carried this burden.

In his filings, Mr. Steinbrink presents no new reliable evidence of actual innocence. Mr. Steinbrink's claimed "new evidence" consists of his proposed testimony and his own declaration that he is actually innocent. Doc. 2 at pages 2–3. His proposed testimony does not constitute sufficiently reliable *new* evidence of actual innocence since it was known to him at the time of his trial in 2016. *See, e.g.*, *Corbitt v. Sec'y, Dep't of Corr.*, No. 3:20-cv-728-BJD-JBT, 2023 WL 2077449, at *2 (M.D. Fla. Feb. 17, 2023) ("[T]o invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial."); *Fratta v. Davis*, 889 F.3d 225, 232 n.21 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 803 (U.S. 2019) ("[E]vidence was not 'new' where it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.").

Even assuming the proposed testimony constitutes "new" evidence because it was not presented at trial, it is self-serving and uncorroborated. Such evidence is not sufficiently reliable evidence of actual innocence. *See Schlup*, 513 U.S. at 332 (court assessing claim of actual innocence may consider "how the timing of the submission and the likely credibility

5

of the affiants bear on the probable reliability of [the new] evidence"); *Mize v. Hall*, 532 F.3d 1184, 1198 n.13 (11th Cir. 2008) (citing *Herrera*, 506 U.S. at 417) (affidavits are of "inherently little value" where declarants have not been cross-examined as to affidavits' contents); *Florez v. United States*, No. 07-CV-4965, 2009 WL 2228121, at *7 (E.D.N.Y. July 24, 2009) (finding that petitioner's own testimony was not sufficient new evidence to call into question the "sworn testimony subject to cross-examination" at trial that was "upheld on appeal").

Other than his own declaration, Mr. Steinbrink presents no direct evidence of his actual innocence. Moreover, there was substantial evidence of his guilt to support the jury's verdict. For example, there was testimony that Mr. Steinbrink: (1) touched the 11-year-old victim's vagina and breasts and penetrated her vagina with his fingers and tongue; (2) told the victim's mother "I'm sorry, I'll never do this again" when she confronted him with the victim's allegations; (3) said "Oh, shit" and became pale when he was told police knew of the victim's allegations; and (4) attempted to flee the state. Doc. 12-2, Ex. 1a at 299, 373, 353–54, 405, 416. Additionally, the investigating officer testified at trial that, during her investigative interviews, the victim, victim's mother, and victim's grandmother each gave consistent accounts of what had occurred. *Id.* at 352.

Nevertheless, Mr. Steinbrink contends that he would testify that: (1) he never sexually touched the victim; (2) he had said he was "sorry" for his financial instability, not for any sexual conduct with the victim; (3) the victim became curious about sex and asked questions after attending a sexual education class at school; and (4) the victim and her

6

grandmother wanted Mr. Steinbrink and the victim's mother to break up due to Mr. Steinbrink's financial instability; and (5) the victim was enraged that Mr. Steinbrink sent his younger brother away after Mr. Steinbrink caught the victim and Mr. Steinbrink's younger brother kissing. Doc. 2 at 2–3.

However, Mr. Steinbrink presents no evidence to support his proposed testimony. Mr. Steinbrink's proposed testimony is little more than an attack on the victim's credibility and is, therefore, not new reliable evidence of his factual innocence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1016-17 (11th Cir. 2012) (the "'new' evidence must do more than counter-balance the evidence that sustained the petitioner's conviction."). Moreover, even without Mr. Steinbrink's testimony, the jury indeed heard of the victim's potential motives to falsely accuse Mr. Steinbrink of sexual misconduct. For example, the victim admitted to having arguments with Mr. Steinbrink and wanting him to break-up with her mother. Doc. 12-2, Ex. 1a at 310–11. The victim also testified that she knew if she told her grandmother that Mr. Steinbrink had sexually abused her, either the victim's mother and Mr. Steinbrink would break up or she would not be forced to live with them. *Id.* at 306, 315–16, 320. Indeed, defense counsel used this testimony to argue that the victim had fabricated the allegations. *Id*. at 401–02.

Additionally, Mr. Steinbrink's assertion that he only stated he was "sorry" for his financial issues, and not for any sexual conduct, is contradicted by the sworn testimony of the victim's mother. As noted above, the victim's mother testified that Mr. Steinbrink said, "I'm sorry, I'll never do this again," after she confronted him with the victim's allegations.

7

*Id.* at 333.

The evidence presented at trial against Mr. Steinbrink was strong. The Court therefore finds that a reasonable juror would more than likely *not* accept Mr. Steinbrink's testimony as more credible than the victim's testimony, which was supported by other evidence. *See, e.g.*, *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) ("A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."). Ultimately, Mr. Steinbrink's proffered evidence is not reliable new evidence establishing that he is actually, or factually, innocent. He has not demonstrated that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Therefore, he is not entitled to review of his time-barred claims based on a claim of actual innocence. His present petition must be denied.

### III. Certificate of Appealability Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong, *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Webster v. Moore*, 199 F.3d 1256, 1257 n.2 (11th Cir. 2000). Mr. Steinbrink cannot make that showing. And since he is not entitled to a certificate of appealability, Mr. Steinbrink is not entitled to appeal *in forma pauperis*.

## Conclusion

Accordingly, Mr. Steinbrink's petition (Doc. 1) is **DISMISSED** as time barred. The Clerk shall enter judgment in favor of Respondent Secretary of the Florida Department of Corrections and against Petitioner Jason Paul Steinbrink and close this case. As determined above, Mr. Steinbrink is not entitled to a certificate of appealability and, consequently, may not appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on March 31, 2023.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*